# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 6, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| JEFFREY YOUNG *and* TARA YOUNG, | * | No. 19-475V |
| *as parents of L.Y., a minor*, | * | |
| | * | Special Master Sanders |
| Petitioners, | * | |
| | * | |
| v. | * | Interim Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*William E. Cochran, Jr.*, Black McLaren, et al., PC, Memphis, TN, for Petitioners.
*Andrew Henning,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 17, 2023, Jeffery Young and Tara Young ("Petitioners") filed a motion for interim attorneys' fees and costs, requesting a total of **$71,878.60** for their counsel, William E. Cochran Jr. and Michael G. McLaren[2]. Mot. Int. Attorneys' Fees & Costs at 1, 10, ECF No. 44 [hereinafter "Fees App."].[3] This amount consists of $48,745.40 in fees, $22,133.20 in expenses, and $1,000 in Petitioners' litigation expenses. *Id.* at 9-10. On March 20, 2023, Respondent filed his response to Petitioners' motion. Resp't's Resp., ECF No. 45. In his response, Respondent stated that he "defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case." *Id.* at 2. Further, Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] In addition to Mr. Cochran and Mr. McLaren, who are the signatories on the motion for interim attorneys' fees and costs, Chris J. Webb, Samantha R. Ward, and multiple paralegals also worked on this matter. Fees App. at 10.

[3] All citations to Petitioners' motion for interim attorneys' fees and costs, ECF No. 44, will use the page numbers generated by CM/ECF.

costs." *Id.* at 3. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioners' counsel at this time.

## I.   Procedural History

On April 1, 2019, Petitioners filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[4] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioners alleged that their minor child, L.Y.., suffered from chronic arthritis as a result of a Measles, Mumps, and Rubella ("MMR") vaccine administered on April 13, 2016. Pet. at 1. Petitioners filed medical records and a statement of completion on May 20, 2019. ECF Nos. 8-10. On September 13, 2019, Petitioners filed an Amended Petition, which expanded the allegation to include; (1) a table-injury claim for chronic arthritis caused by the MMR vaccine, and (2) a causation-in-fact claim for chronic arthritis caused by the MMR and varicella vaccines. Amended Pet. at 1. ECF No. 12. Petitioners filed updated medical records and affidavits in September and October 2019. ECF Nos. 13, 16-18. On November 15, 2019, Petitioner filed a statement of completion. ECF No. 19. Petitioners filed insurance benefits exhibits on February 26, 2020. ECF No. 25. On March 30, 2020, Respondent filed his Rule 4(c) report, indicating that this case was not appropriate for compensation. Resp't's Report at 2, ECF No. 26. On July 14, 2020, Petitioners filed an expert report from Dr. M. Eric Gershwin with accompanying curriculum vitae and medical literature. ECF No. 31. Respondent filed an expert report by Carlos D. Rose, MD, CIP with accompanying curriculum vitae and medical literature on October 22, 2020. ECF No.33. The parties filed additional expert reports from their respective experts and medical literature on January 8, 2021, April 26, 2021, and June 10, 2021. ECF Nos. 34-35, 38-39. Petitioner submitted updated medical records on April 19, 2022; April 21, 2022; May 24, 2022; and October 18, 2023. ECF Nos. 41-43, 46.

## II.   Availability of Interim Attorneys' Fees and Costs

### A.   Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioners' motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B.   Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant

---

[4] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("[t]he delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for more than four years, and an entitlement decision remains outstanding. Meanwhile, Petitioners' fees and costs have accumulated in the course of prosecuting this case. Petitioners' counsel has requested $71,878.60 in fees, costs, and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III.  Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

3

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[5]

Petitioners request the following hourly rates for the work of their counsel: for Mr. Michael G. McLaren, $464 per hour of work performed in 2019, $484 per hour of work performed in 2020 and 2021, $501 per hour of work performed in 2022, and $527 per hour of work performed in 2023; for Mr. William E. Cochran, Jr., $391 per hour of work performed in 2019, $405 per hour of work performed in 2020, $420 per hour of work performed in 2021, $435 per hour of work performed in 2022, and $457 per hour of work performed in 2023; for Mr. Chris J. Webb, $338 per hour of work performed in 2019; $351 per hour of work performed in 2020, $364 per hour of work performed in 2021, $395 per hour of work performed in 2022, and $415 per hour of work performed in 2023; and for Law Clerks, $156 per hour of work performed in 2019-2021. Fees App. at 9. Petitioners also requested the following rates for work of their counsel's paralegals: $155 per hour of work performed in 2019, $160 per hour of work performed in 2020, $161 per hour of work performed in 2021, $167 per hour of work performed in 2022, and $175 per hour of work performed in 2023. *Id.*

The undersigned has reviewed the hourly rates requested by Petitioners for the work of their counsel through the duration of this case. The hourly rates requested for these individuals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case as well. *See, e.g.*, *A.S. by Svagdis v. Sec'y of Health & Hum. Servs.*, No. 15-520V, 2020 WL 3969874, at *4 (Fed. Cl. Spec. Mstr. June 4, 2020); Sims v. Sec'y of Health & Hum. Servs., No. 15-1526V, 2023 WL 2234265, at *3 (Fed. Cl. Spec. Mstr. Feb. 27, 2023); Pankiw v. Sec'y of Health & Hum. Servs., No. 15-1082V, 2022 WL 17851635, at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2022); Thompson v. Sec'y of Health & Hum. Servs., No. 18-1217V, 2022 WL 16579474, at *5 (Fed. Cl. Spec. Mstr. Sept. 27, 2022).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). Upon review of the submitted billing records, I find that the time billed largely reasonable. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.

### C. Attorney Costs and Litigation Expenses

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request

---

[5] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

a total of $22,133.20 in attorneys' costs, primarily comprised of expert costs, medical records costs, filing fees, and travel costs. Ex. 2 at 18-19. Petitioners have provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case.

Petitioners also request a total of $1,000 for litigation expenses, which is the amount that Petitioner paid as a "cost retainer toward the first $1,000 in litigation expenses, which primarily related to initial case filing fees and medical records invoice costs." Fees App. at 4. In a sworn declaration, Petitioner attested that his "actual expenses in pursuing this vaccine program case are $1,000. A fee retainer was never paid to counsel of record, William E. Cochran. Jr. or the law firm of Black McLaren Jones Ryland and Griffee, PC." Ex. 3 at 1. Along with the sworn declaration, Petitioner filed a $1,000 credit card receipt to "Black McLaren Jones." *Id.* at 2. Petitioners have provided adequate documentation for this expense, including a deduction of $1,000 in the expense report. Ex. 2 at 19.

Combined, Petitioner requests $23,133.20 for costs and expenses. These costs and expenses are reasonable and Petitioners have provided adequate documentation in support of this request. Therefore, Petitioners are awarded the full amount of costs sought.

## IV. Conclusion

Petitioners' motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| Attorneys' Fees Requested | $48,745.40 |
| --- | --- |
| (Reduction to Fees) | -($0.00) |
| **Total Attorneys' Fees Awarded** | **$48,745.40** |
| | |
| Attorneys' Costs and Expenses Requested | $23,133.20 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | **$23,133.20** |
| | |
| **Total Attorneys' Fees and Costs** | **$71,878.60** |

Accordingly, the undersigned awards a lump sum in the amount of **$71,878.60** to be issued in the form of a check payable jointly to Petitioners and Petitioners' counsel, Mr. William E. Cochran Jr. and Mr. Michael G. McLaren, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the

court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[6]

      **IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.